UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY P. WARGER, | ) | CIV. 08-5092-JLV |
| | ) | |
| Plaintiff, | ) | ORDER DECLINING TO |
| | ) | CONSIDER PLAINTIFF'S |
| vs. | ) | AND DEFENDANT'S |
| | ) | OBJECTIONS TO THE |
| RANDY D. SHAUERS, | ) | CLERK OF COURT'S |
| | ) | TAXATION OF COSTS |
| Defendant. | ) | |

**INTRODUCTION**

On December 20, 2010, the Clerk of Court entered its taxation of costs in the above-captioned case. (Docket 183). Both parties filed objections to the taxation of costs. (Dockets 184 & 188). For the reasons set forth below, the court declines to consider the parties' untimely objections.

**FACTS AND PROCEDURAL HISTORY**

The court limits its recitation to those facts necessary to provide context to the parties' objections. On August 4, 2006, plaintiff Gregory P. Warger and defendant Randy D. Shauers were involved in a motor vehicle collision on U.S. Highway 385 in Pennington County, South Dakota. (Docket 1 at ¶¶ 5-7). The collision resulted in serious injury to Mr. Warger, including, but not limited to the loss of his lower left leg. Id. at ¶ 9. On December 12, 2008, Mr. Warger filed suit against Mr. Shauers, alleging one count of negligence and seeking to recover damages. Id. at pp. 2-3.

On January 9, 2009, Mr. Shauers filed his answer, denying the allegations in the complaint and asserting various affirmative defenses. (Docket 6). On January 23, 2009, Mr. Shauers filed an amended complaint, asserting a counterclaim against Mr. Warger for property damage. (Docket 8).

Both parties asserted their right to a jury trial. (Docket 1 at p. 4 & Docket 8 at p. 5). On July 16, 2010, during the pretrial conference, Mr. Shauers moved to dismiss his counterclaim against Mr. Warger. (Docket 98 at p. 2). The court granted Mr. Shauers' motion. Id. A jury trial commenced on July 20, 2010. On July 22, 2010, the court declared a mistrial as a result of a violation of the court's *in limine* order by counsel for Mr. Shauers. (Docket 104). Following the mistrial, the court awarded Mr. Warger his costs and fees associated with the first trial. (Dockets 143 & 166). A second trial commenced on September 20, 2010. On September 29, 2010, the jury returned a verdict in favor of Mr. Shauers. (Docket 159).

On October 27, 2010, Mr. Shauers filed a bill of costs in accordance with Fed. R. Civ. P. 54(d)(1), seeking reimbursement in the amount of $18,290.37. (Docket 174). In support of his bill of costs, Mr. Shauers filed an affidavit from his counsel and invoices and receipts documenting his expenditures. (Docket 175).

On October 27, 2010, Mr. Warger also filed a bill of costs in accordance with Fed. R. Civ. P. 54(d)(1), seeking reimbursement in the amount of $3,216.82. (Docket 176). Similarly, Mr. Warger filed a supporting affidavit from his counsel and invoices documenting his expenditures. (Docket 177).

Mr. Warger argued he is the prevailing party with respect to Mr. Shauers's counterclaim as Mr. Shauers voluntarily dismissed the counterclaim on the eve of trial. Id. at p. 1. Mr. Warger claims he incurred $3,216.82 in court reporter and deposition transcript fees necessarily obtained for use in defending against the counterclaim.

Both parties filed objections to each other's bill of costs. (Docket 178 & 179). On December 20, 2010, the Clerk of Court taxed costs in the amount of $7,809.65 in favor of Mr. Shauers and against Mr. Warger. (Docket 183). The Clerk declined to award costs to Mr. Warger on the ground he was not "the prevailing party for the purpose of determining which party is entitled to receive an award of costs[,]" although he prevailed "in a portion of [the] case[.]" Id. at p. 1. On December 28, 2010, Mr. Warger filed objections to the Clerk's taxation of costs. (Docket 184). On December 30, 2010, Mr. Shauers filed objections to the Clerk's taxation of costs. (Docket 185). On January 4, 2011, Mr. Shauers amended his objections. (Docket 188). Both parties filed objections to each other's objections. (Dockets 185-189).

## DISCUSSION

The court must first determine whether Mr. Warger and Mr. Shauers filed objections to the Clerk's taxation of costs within the time period prescribed by Fed. R. Civ. P. 54(d)(1).[1] Rule 54(d)(1) governs the award of costs to the prevailing party in a civil action and gives the court authority to review

---

[1] The court relies on the version of the Federal Rules of Civil Procedure in effect in October of 2010 when the parties submitted their bills of costs.

3

the Clerk's taxation of costs upon timely motion of the objecting party.  This Rule states as follows:

> Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.  But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.  The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1).[2]

This district's local civil rules provide guidance to practitioners as to the proper procedure for obtaining an award of costs.  Local Rule 54.1(A) states as follows:

> Before costs may be taxed, the prevailing party entitled to recover costs shall file a verified bill of costs within 28 calendar days after entry of judgment or an order of dismissal, together with proof of service on the party liable for costs.  The party liable for costs may within 14 calendar days thereafter file with the clerk of court exceptions to the costs or any specific item therein.
>
> The clerk of court may then tax costs and, upon allowance, the costs shall be included in the judgment or decree.  Upon motion of either party within 7 calendar days after the clerk taxes costs, the action of the clerk may be reviewed by the court.

D.S.D. Civ. LR 54.1(A).

---

[2]Some of the cases cited in this opinion referred to the previous version of Rule 54(d)(1), which stated the Clerk of Court may tax costs on one day's notice and, upon motion served within the next five days, the court may review the action of the clerk.  Congress amended Rule 54(d)(1) effective December 1, 2009.  As set out in the body of this opinion, the amended version was in effect when the parties submitted their bills of costs and is still in effect in 2012.

The Clerk of Court filed the taxation of costs on December 20, 2010.[3] (Docket 183). The Clerk filed the document in this district's electronic filing system known as CM/ECF. When a document is filed in CM/ECF in a particular case, counsel in that case receive electronic notice of the filing.[4] On December 20, 2010, counsel for both Mr. Warger and Mr. Shauers received electronic notice of the filing of the Clerk's taxation of costs. This electronic notice contained a hyperlink to the document, so there is little doubt counsel had the ability to access the document on December 20, 2010.

Courts differ as to the event that triggers the running of the seven-day period for filing objections to the clerk's taxation of costs. Burchette v. Abercrombie & Fitch Stores, Inc., No. 08 Civ.8786 RMB THK, 2010 WL 3720834 at *2 (S.D. N.Y. Sept. 22, 2010). Some courts, in accordance with the plain language of Rule 54(d)(1), view the triggering event as the date the clerk taxes costs while other courts look to the date of entry of the taxation of costs or the date on which the parties were served with or received notice of the taxation of costs. Id. at **2-3 (collecting cases). This debate has no bearing on this case because all potential triggering dates are the same–December 20, 2010.

---

[3] The taxation of costs also is dated December 20, 2010. (Docket 183 at p. 3).

[4] This service is available to attorneys who sign up to receive electronic notice via e-mail. Counsel for Mr. Warger and Mr. Shauers are signed up to receive electronic notice.

Fed. R. Civ. P. 6 governs the computation of any time period specified in the federal and local rules, court orders, or any statute that does not specify its own method for computing time. As Rule 54(d)(1) does not specify a method for computing time and states a time period in days, Rule 6 applies.

In accord with Fed. R. Civ. P. 6(a)(1)(A), the seven-day period began to run on December 21, 2010, one day after the Clerk taxed costs, entered the taxation of costs, and served counsel with notice of the entry. In such circumstances, if the pertinent time period is stated in days or a longer unit of time, parties should "exclude the day of the event that triggers the period" when calculating due dates. Fed. R. Civ. P. 6(a)(1)(A). The seven-day period concluded on December 27, 2010. To provide a day-by-day analysis, the first day of the seven day period was December 21, 2010, the second day was December 22, 2010, the third day was December 23, 2010, the fourth day was December 24, 2010, the fifth day was December 25, 2010, the sixth day was December 26, 2010, and the seventh day (the due date) was December 27, 2010.

In conducting this analysis, the court took into account the various provisions governing the computation of time. The court counted every day, including the intermediate Saturday, Sunday, and legal holiday.[5] See Fed. R. Civ. P. 6(a)(1)B ("When the period is stated in days or a longer unit of time: . . . count every day, including intermediate Saturdays, Sundays, and legal

---

[5]The phrase "legal holiday" includes the day set aside for observing Christmas Day. See Fed. R. Civ. P. 6(a)6). Christmas Day was observed as a "legal holiday" on Friday, December 24, 2010.

holidays."). The last day fell on a Monday, which was not a legal holiday, so the court included the last day. See Fed. R. Civ. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time: . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Finally, the last day did not fall on a day the clerk's office was inaccessible, so the court did not extend the due date. See Fed. R. Civ. P. 6(a)(3) ("Unless the court orders otherwise, if the clerk's office is inaccessible . . . on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday.").

In sum, objections to the clerk's taxation of costs were due on or before December 27, 2010. Mr. Warger and Mr. Shauers did not file their objections until December 28, 2010, and December 30, 2010, respectively. (Dockets 184 & 185). Mr. Shauers amended his objections on January 4, 2011. (Docket 188). Mr. Shauers explained his late filing was due to the fact his "filing was made as soon as practicable after the filing made by Plaintiff." Id. at p. 1.

Mr. Warger asserts his objections were timely because Fed. R. Civ. P. 6(d) extends the due date by three days. (Docket 186 at pp. 1-2). Mr. Warger is mistaken. As explained below, the additional three days allowed by Rule 6(d) does not apply in this situation.

Rule 6(d) states, "[w]hen a party may or must act within a specified time *after service* and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days

are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d)[6] (emphasis added).  The seven-day period for objections set by Rule 54(d)(1) does not begin to run from the date of service of the clerk's taxation of costs, therefore the three-day extension was not available.  See e.g., Burchette, 2010 WL 3720834 at *2 (noting the three-day mailing rule set forth in Rule 6(d) "only has relevance when a party must act within a specified time after service . . . and the 7-day period set forth in Rule 54(d)(1) is not triggered by service.") (internal quotation marks omitted); *accord* Eldaghar v. City of New York Dep't of Citywide Admin. Servs., No. 02 Civ. 9151(KMW), 2010 WL 1780950 at *2 (S.D. N.Y. May 4, 2010) (noting plaintiff's motion to review the clerk's taxation of costs was untimely and calculating the due date without reference to Rule 6(d)); Provenza v. State Farm Fire and Cas. Co., No. 06-7319, 2009 WL 307720 at *4 (E.D. La. Feb. 6, 2009) (same); Lorenz v. Valley Forge Ins. Co., 23 F.3d 1259, 1261 (7th Cir. 1994) (noting plaintiff's objection to the clerk's taxation of costs was untimely and could not be saved by the three-day extension as "the time starts with the entry of the clerk's order rather than service of that order"). The law is well settled on this issue.

Alternatively, in the event the court finds his objections were untimely, Mr. Warger moves pursuant to Fed. R. Civ. P. 6(b)(1)(B) for an extension of time to file objections.  (Docket 186 at p. 2).  Because "Rule 54(d)(1)'s [seven]-day limitations period is not jurisdictional, . . . courts may, in their discretion, consider untimely objections." In re Paoli R.R. Yard PCB Litigation, 221 F.3d

---

[6]Formerly Fed. R. Civ. P. 6(e).

449, 459 (3d Cir. 2000); see also Jones v. Nat'l Am. Univ., No. CIV. 06-5075-KES, 2009 WL 2005293 at *6 (D.S.D. July 8, 2009) ("[T]he time limitation for filing motions for review of the clerk's taxation of costs is not jurisdictional and the court may act upon the motion even if it is tardy."); Corwin v. Walt Disney Co., 475 F.3d 1239, 1254 (11th Cir. 2007) ("[I]t is fully within the discretion of the district court to decline to review an untimely objection to costs."). The fact there is no jurisdictional bar to considering untimely objections does not end the court's inquiry. A party seeking an out-of-time extension must demonstrate excusable neglect to justify his or her failure to act within a specified time. See Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); see also Sutter v. General Motors Corp., 100 Fed. Appx. 472, 475, 2004 WL 1303231 (6th Cir. 2004) ("A court may extend the [seven]-day period for challenging the taxation of costs if the request is made within the period originally prescribed or where the failure to act is the result of excusable neglect.").

     Thus, the court may consider the late filings of Mr. Warger and Mr. Shauers if each party demonstrates his failure to comply with Rule 54(d)(1) was the result of excusable neglect. Because excusable neglect is a somewhat elastic concept, the United States Supreme Court provided guidance on the exusable neglect standard. In Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, the Supreme Court concluded "the determination [of whether

9

neglect is excusable] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. 380, 395 (1993). "Relevant circumstances" include "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

Because both parties' objections were untimely, the court cannot see how either party can claim prejudice. Also, the length of delay was minimal and had little impact on judicial proceedings other than presenting a new issue for the court's consideration. The court finds neither party acted in bad faith. The court next turns to the most important factor in the Pioneer analysis–the reason for the delay. The factors set out in Pioneer do not carry equal weight–the reason for the delay is "critical" to the inquiry and "must have the greatest import." Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000).

In determining whether a party's conduct constitutes excusable neglect, courts make a distinction between mistakes of fact and mistakes of law. "Excusable neglect 'is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.' " Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 403 (8th Cir. 2000) (quoting Pioneer, 507 U.S. at 394). In contrast, " 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect[.]' " Id.

10

(quoting Pioneer at 392). "Pioneer did not alter the traditional rule that mistakes of law do not constitute excusable neglect." Id. at 404; see also Advanced Estimating System, Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997) (joining other circuits in holding, as a matter of law, an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect and finding Pioneer did not change this premise); Corwin, 475 F.3d at 1255 ("Despite the exceptional language of Rule 6(b), we have made clear that "counsel's misunderstanding of the law cannot constitute excusable neglect.") (citation and internal quotation marks omitted).

The court finds Mr. Warger's late filing was the product of a mistake of law, rather than mere negligence.[7] Mr. Warger's counsel expended considerable effort attempting to understand Rule 6 and its various subparts, but clearly misconstrued the rule.[8] The court cannot understand how

---

[7] In support of his position, Mr. Warger cites to Sugarbaker v. SSM Health Care, 187 F.3d 853, 855-56 (8th Cir. 1999). (Docket 186 at p. 4). As the Eighth Circuit explained in Ceridian Corp., Sugarbaker involved a mistake of fact, that is, a *factual* miscalculation of the filing deadline. 12 F.3d at 404. Sugarbaker is distinguishable from the present case.

[8] Counsel for Mr. Warger contacted the Clerk's Office and spoke to the Deputy in Charge for guidance on this issue. (Docket 186 at p. 3). They reviewed Rule 54(d)(1) and Rule 6(a)(1) and from their conversation counsel determined the due date for objections was December 28, 2010. Id. The efforts counsel undertook clearly demonstrate his miscalculation of the due date was not due to mere inadvertence or negligence, but rather due to some misunderstanding of the federal and local rules of civil procedure. See E.I. Dupont De Nemours & Co. v. U.S., 15 F. Supp. 2d 859, 861-62 (Ct. Int'l Trade 1998) (noting counsel's "reliance on legal advice of the clerk's office or counsel's misinterpretation of the law does not justify the untimely filing of the notice of appeal because the Federal Rules and case law interpreting the rules are

Mr. Warger's counsel misunderstood Rule 6. Because deadlines are so important to the orderly administration of civil cases, Rule 6 is crucial, and every civil practitioner calculates deadlines numerous times during the course of any civil litigation. Further, Mr. Warger's counsel did not explain *how* he misread Rule 6 or how he miscalculated the deadline for filing objections. In limited circumstances, some courts have held a plausible misconstruction of the law or rules may constitute excusable neglect. See Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 631 (1st Cir. 2000) (noting "a plausible misconstruction of a court order may on rare occasions meet the requirements for excusable neglect") (citing Lorenzen v. Employees Retirement Plan of the Sperry & Hutchinson Co., Inc., 896 F.2d 228, 232-34 (7th Cir. 1990) for the proposition a plausible misconstruction of the law or rules can amount to excusable neglect). However, Mr. Warger's counsel did not explain *how* he misunderstood Rule 6. The court cannot see how a plausible misconstruction of Rule 6 is possible–Rule 6 is clear in its terms.

The most common misunderstanding of Rule 6 involves the three-day extension period allowed under Rule 6(d). Courts routinely hold mistaken reliance on Rule 6(d) is a mistake of law and cannot constitute excusable neglect. Palmyra Park Hosp., Inc. v. Phoebe Putney Memorial Hosp., Inc., 688 F. Supp. 2d 1356, 1360-62 (collecting cases); McCarty v. Astrue, 528 F.3d 541,

---

clear"). Counsel also notes there was an ice storm that occurred during the seven-day period, and counsel's office was closed for one day. (Docket 186 at p. 4). Counsel's office was also closed on Christmas day. Id. These occurrences did not preclude counsel from filing a timely motion for an extension of time.

545 (7th Cir. 2008) (noting "[a]n unaccountable lapse in basic legal knowledge is not excusable neglect"); Kyle v. Campbell Soup Co., 28 F.3d 928, 932 (9th Cir. 1994) (holding the district court abused its discretion by finding that mistaken reliance on Rule 6(e) amounted to excusable neglect); Mattson v. Brown Univ., 925 F.2d 529, 532 (1st Cir. 1991) (holding mistaken reliance on Rule 6(e) cannot be excusable neglect, and "[s]uch a loose approach would open the gates").  Although Mr. Warger stated he did not rely on this provision, see Docket 186 at p. 3, the court finds instructive the treatment of this issue by other courts.  A misunderstanding of how to calculate deadlines under the provisions of Rule 6, whether Rule 6(d) or some other subpart, is not neglect and is not excusable.

The court finds Mr. Shauers' late filing was the product of a mistake of law rather than mere negligence.  His only justification for his late filing was that it "was made as soon as practicable after the filing made by Plaintiff." (Docket 188 at p. 1).  There is no possible reading of Rule 54(d)(1) or LR 54.1(A) that would lead Mr. Shauers, who is represented by experienced counsel, to believe the seven-day period for filing objections is triggered by the filing of Mr. Warger's objections.

In sum, the court finds both parties' justifications for their late filings were due to counsel's unexplained failures to follow clear, unambiguous rules.  Therefore, the court exercises its discretion by declining to consider Mr. Warger's and Mr. Shauers' untimely objections to the Clerk's taxation of costs.

## CONCLUSION

In accord with the above discussion, it is hereby

ORDERED that the parties' objections (Dockets 184, 185, & 188) to the Clerk of Court's Taxation of Costs are overruled as untimely. The Taxation of Costs (Docket 183) shall stand.

Dated July 9, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE